960 A.2d 821 (2008)
404 N.J. Super. 174
In the Matter of the Expungement of the CRIMINAL RECORDS OF H.M.H., Petitioner.
DOCKET NO. 17422.
Superior Court of New Jersey, Law Division.
Decided January 17, 2008.
Vincent J. Gaughan, Mount Holly, for petitioner.
William P. Fisher, Assistant Prosecutor, for State of New Jersey (Joseph L. Bocchini, Jr., Mercer County Prosecutor, attorney).
PEREKSTA, J.S.C.
The question decided in this action is whether a person who has pled guilty to a disorderly persons offense of simple assault is barred from having that offense expunged because the offense constituted an act of domestic violence. The Mercer County Prosecutor contends that N.J.S.A. *822 2C:52-14(b) coupled with N.J.S.A 2C:58-3(c), and in consideration of the Lautenberg Amendment to the Federal Gun Control Act of 1968, 18 U.S.C.A. § 922(g)(9), evinces a public policy against expungements of domestic violence convictions. Petitioner argues that N.J.S.A. 2C:52-2 does not prohibit the expungement of convictions which involve domestic violence, and that the prosecutor has failed to sustain the burden of demonstrating that the availability of the records outweighs the desirability of having petitioner freed from any disabilities of the conviction. The court concludes that the prosecutor has failed to demonstrate a basis to deny the expungement, and petitioner is entitled to the relief sought.
The underlying incident is described at length in the voluntary statement petitioner made to the police soon after its occurrence. On August 9, 1995, petitioner H.M.H. was caring for his autistic son while his wife was out. He fell asleep and did not give his son his medication at the prescribed time. When his wife arrived home, an argument ensued while H.M.H. was trying to bathe his son. The child misbehaved, and H.M.H. attempted to strike him on the buttocks. This angered the wife of H.M.H. and she came at petitioner, grabbing, clawing and scratching him. He pushed her away repeatedly. She nevertheless continued until H.M.H. struck his wife on her forehead with a closed fist. Due to a ring he was wearing, the strike drew blood. Police responded and arrested H.M.H. without incident. H.M.H. and his wife remain married to this day. There is no active restraining order, and there have been no subsequent allegations of domestic violence in the past twelve years.
On October 19, 1995, H.M.H. pled guilty to an amended charge of simple assault, a disorderly persons offense. On January 12, 1996, he was sentenced to one year of probation conditioned upon male domestic violence counseling, compliance with all family court orders, psychiatric counseling, no contact with the victim, payment of restitution and penalties and assessments. Petitioner successfully completed probation. He has not had any subsequent arrests or convictions. Petitioner now seeks to have the records concerning the arrest and conviction for simple assault expunged.[1]
N.J.S.A. 2C:53-14(b) provides the court with grounds for the denial of a petition for expungement, directing that an expungement may be denied when "the need for the availability of the records outweighs the desirability of having a person freed from any disabilities as otherwise provided in this chapter ... and the burden of asserting such grounds shall be on the objector." The Mercer County Prosecutor asserts that, in cases where the offense sought to be expunged involved domestic violence, the need for the availability of records concerning that incident outweighs the petitioner's desire to have it cleared from his record. The *823 prosecutor cites N.J.S.A. 2C:58-3(c)(1)[2] and the Lautenberg Amendment to the Federal Gun Control Act of 1968, 18 U.S.C.A. § 922(g)(9)[3] as evincing a public policy that keeps guns from the hands of persons who committed domestic violence. Therefore, the prosecutor argues that expungements of domestic violence offenses should be denied in order that law enforcement agencies may be made aware of any history of domestic violence committed by persons applying for gun permits. Petitioner points to the failure of the New Jersey State Legislature to pass legislation which would prohibit the expungement of records concerning domestic violence related convictions, which legislation has been proposed for the past six legislative sessions to no avail.[4]
Also to be noted is the omission of law enforcement agencies considering firearms licensing applications from the list of persons/agencies who may utilize expunged records in certain limited instances. Specifically, N.J.S.A. 2C:52-20 provides that expunged records may be considered by a judge, the attorney general, or a county prosecutor in determining whether to grant or deny acceptance into a supervisory treatment or diversionary program. N.J.S.A. 2C:52-21 provides for the use of expunged records for purposes of sentencing or setting bail. Pursuant to N.J.S.A. 2C:52-22, the Parole Board may consider expunged records in evaluating the granting of parole. Moreover, should a person whose records were expunged seek employment with the judicial branch or with a law enforcement or corrections agency, he must reveal to his potential employer the information contained in the expunged records and "such information shall continue to provide a disability as otherwise provided by law." N.J.S.A. 2C:52-27.1(c).
At first blush, this case presents a seemingly inconsistent application of Chapter 52 when viewed in light of N.J.S.A. 2C:58-3(c)(1) and the federal gun control law. However, upon closer review of the opportunities for the Legislature to cure the apparent inconsistencies and its continued failure to do so, the conclusion must be drawn that, instead of an anomaly, the situation in which H.M.H. finds himself is one which our Legislature considered and intended to be subject to redress. The effect an expungement of H.M.H.'s records *824 will have to remove any bar to his owning or possessing a firearm appears to be the very consequence intended by our Legislature; that is, a person convicted of a domestic violence offense may, upon having that offense expunged, apply for gun permits and have those applications considered by the appropriate reviewing agencies as if the domestic violence offense had not occurred.
This conclusion is supported by the very language contained in the application for a firearms purchaser identification card, which asks at question # 2, "Have you ever been convicted of a crime that has not been expunged or sealed?," and continues to inquire, at question # 11, "Are you subject to any court order issued pursuant to Domestic Violence? If Yes, Explain?" and, at question # 12, "Have you ever been convicted of any domestic violence in any jurisdiction which involved the elements of (1) striking, kicking, shoving, or (2) purposely or attempting to or knowingly or recklessly causing bodily injury, or (3) negligently causing bodily injury to another with a weapon?." Question # 12 does not contain the phrase, "even if expunged," or words to that effect, as there is no legal authority for the inclusion of such language. Clearly, the presence of the aforesaid questions on gun licensing applications acknowledge an awareness that someone convicted of an offense involving domestic violence may, under certain circumstances, be licensed to own a firearm.
Additional support for the conclusion that domestic violence offenses may be expunged is found in State v. Wahl, 365 N.J.Super., supra at 370, 839 A.2d 120, where the Appellate Court recognized that the Lautenberg Amendment provided that "if the conviction has been expunged or set aside, a person shall not be considered to have been convicted of such an offense." 18 U.S.C.A. 922(g)(9) Since the Federal law acknowledges that a domestic violence offense may be expunged, in the absence of a specific bar to the expungement of domestic violence offenses under State law, expungement is available.
The prosecutor argues that due to the nature of petitioner's one and only arrest and/or conviction  that it involved domestic violence  this court should deny his application for an expungement pursuant to N.J.S.A. 2C:52-14(b) because "the need for the availability of records outweighs the desirability of having [petitioner] ... freed from any disability [they present]," in this case, as an impediment to his gun permit. This court posed the question at oral argument: if the records of the domestic violence offense in this case (where the offense was apparently an aberration, where it occurred over ten years ago, and where the parties continue to live together as husband and wife) are not expunged, then under what circumstances would the Prosecutor not object to the expungement of domestic violence offense records? In response, the Prosecutor sought to distinguish harassment or threats from instances of physical violence. While that may be a valid distinction for some purposes, this court again relies on the analysis above in concluding that there is no specific bar to the expungement of records of domestic violence offenses involving physical violence. Again, had the Legislature intended to impose such bar, it could have done so.
While recognizing that a single act of domestic violence, under certain circumstances, may persuade the court that the balancing of the interests pursuant to N.J.S.A. 2C:52-14(b) weighs in favor of the need for the availability of the records, this case does not present such circumstances. As previously stated, the offense that occurred on August 9, 1995, appears to have been an aberration in an otherwise lawabiding *825 life. The parties have remained together without apparent incident. The intent of Chapter 52 is to give the proverbial "second chance." See N.J.S.A. 2C:53-32. This court is not persuaded that this petitioner should be denied that relief.[5]
For all of the aforesaid reasons, petitioner's application is granted. An order granting expungement is entered.
NOTES
[1] On January 27, 2006, H.M.H. filed a petition in Mercer County Superior Court to expunge his simple assault arrest records and conviction. This court received no objection from any parties and, on April 4, 2006, this court granted the petition. Subsequently, the Mercer County Prosecutor's Office petitioned this court to unseal the expunged records as it appeared that petitioner failed to properly notice all interested parties. The order granting the expungement was rescinded, and the matter was relisted. In the interim between the granting of the expungement and the rescinding of that order, H.M.H. applied for a firearms purchaser identification card and a permit to purchase a handgun. Soon after the rescinding of the order of expungement, the East Windsor Township police chief denied H.M.H.'s application for the gun permits.
[2] Amended in 2003 to include all individuals convicted of domestic violence, N.J.S.A. 2C:58-3(c)(1) provides, "No handgun purchase permit or firearms purchaser identification card shall be issued ... [t]o any person who has been convicted of any crime, or a disorderly persons offense involving an act of domestic violence as defined in ... [N.J.S.A.] 2C:25-19, whether or not armed with or possessing a weapon at the time of such offense." The disorderly persons offense of simple assault to which H.M.H. pled guilty fits the 2C:25-19 definition of an offense involving an act of domestic violence.
[3] 18 U.S.C.A. § 922(g)(9) provides in pertinent part, "It shall be unlawful for any person... who has been convicted in any court of a misdemeanor crime of domestic violence ... to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." For purposes of this provision, a simple assault involving domestic violence is considered a "misdemeanor crime of domestic violence". See State v. Wahl, 365 N.J.Super. 356, 374, 839 A.2d 120 (App.Div.2004)(Congressional intent in enacting Lautenberg Amendment was to include New Jersey disorderly persons offenses involving acts of domestic violence).
[4] Most recently, Assembly Bill 1795 which provides that conviction records for a violation of the domestic violence laws are not subject to expungement was introduced on January 10, 2006, and failed to be released from the Law and Public Safety Committee. Similar bills (A-1567/2004 Session, A-631/2002 Session, A-1074/2000 Session, A-1179/1998 Session, A-2975/introduced in 1997) were not enacted by the legislature.
[5] In light of the court's ruling for the reasons stated, there is no need to consider petitioner's alternative arguments (i.e., violation of Second Amendment rights, application of law ex post facto, and violation of the Equal Protection Clause).